UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A to Z Gas & Food, Inc.,

      Plaintiff,

                                  Civil Case No. 19-12911

v.

Sonny Perdue, Secretary of           Sean F. Cox
Agriculture, USDA,                 United States District Court Judge

      Defendant.

_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT

In this civil action, Plaintiff A to Z Gas & Food, Inc. ("Plaintiff") seeks judicial review of Defendant's decision to permanently ban Plaintiff from participating in the federal Supplemental Nutrition Assistance Program ("SNAP"), or "food stamp" program, administered by the Food and Nutrition Service of the Department of Agriculture. The matter is currently before the Court on Defendant's unopposed Motion for Summary Judgment. For the reasons set forth below, the Court shall GRANT the unopposed motion and dismiss this case with prejudice.

## BACKGROUND

### A.    Procedural Background

On October 4, 2019, purporting to act *pro se*, Plaintiff filed this action against Defendant Sonny Perdue, Secretary of Agriculture, USDA ("Defendant").

On October 4, 2019, this Court issued an order advising that a corporation cannot appear in federal court except through an attorney, and requiring Plaintiff to obtain counsel. Thereafter, counsel for Plaintiff appeared and filed an Amended Complaint. (ECF No. 12).

1

Plaintiff's Amended Complaint alleges that prior to "receiving a decision regarding a permanent disqualification in the Supplemental Nutrition Assistance Program," Plaintiff "was an authorized retailer with its business located at 19016 Woodward Ave., Detroit, Michigan."  (Am. Compl. at 1).   Plaintiff filed this action "seeking judicial review of the adverse decision in case number C0215108 made on August 23, 2019 permanently disqualifying Plaintiff from participating in the SNAP program as a retailer at the above address."  (Am. Compl. at ¶ 5). Plaintiff seeks judicial review of that decision pursuant to 7 U.S.C. § 2023(a)(13).   Plaintiff alleges that "Defendant abused its discretion in failing to impose a civil monetary penalty in lieu of permanent disqualification; said decision was based, in whole or in part, on the alleged failure to submit sufficient evidence to demonstrate that the Plaintiff had established and implemented an effective compliance program and policy to prevent violations of the SNAP."  (*Id*. at ¶ 7). Plaintiff alleges that it "has complied with § 278.6(1) at all relevant times."  (*Id*. at ¶ 8).  Plaintiff further states:

9.     In support of its administrative appeal, Plaintiff had submitted an Affidavit executed by Ali Fakih indicating that from April 1, 2014 through March 31, 2019 he was employed as a clerk at A to Z located at 19016 Woodward Ave., Detroit, Michigan during which time he admittedly tendered cash payment(s) to individuals possessing EBT card(s).

10.     Based on the Affidavit submitted by Mr. Fakih, his employer, A to Z, was unaware of said transactions which resulted in the termination of Mr. Fakih's employment upon becoming aware of his conduct.

11.     Plaintiff further states that it has provided sufficient evidence to avoid permanent disqualification and has otherwise acted in accordance with 7 USC § 278 *et al.*

WHEREFORE, Plaintiff prays that this Honorable Court reverse the decision heretofore made permanently disqualifying Plaintiff from the Supplemental Nutrition Assistance Program in accordance with 7 USC § 2023(a)(15-16).

2

(*Id*. at 2-3).

This Court ordered that dispositive motions had to be filed no later than November 25, 2020.  (*See* ECF Nos. 11 & 16).  It further ordered that any bench trial in this action would take place during May or June of 2021.  (*Id.*).

This Court's practice guidelines are included in the Scheduling Order and provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a.  The moving party's papers shall include a separate document entitled Statement of Material Facts Not in Dispute.  The statement shall list in separately numbered paragraphs concise statements of each undisputed material fact, supported by appropriate citations to the record. . .
>
> b.  In response, the opposing party shall file a separate document entitled Counter-Statement of Disputed Facts.  The counter-statement shall list in separately numbered paragraphs following the order or the movant's statement, whether each of the facts asserted by the moving party is admitted or denied and shall also be supported by appropriate citations to the record.  The Counter-Statement shall also include, in a separate section, a list of each issue of material fact as to which it is contended there is a genuine issue for trial.
>
> c.  All material facts as set forth in the Statement of Material Facts Not in Dispute shall be deemed admitted unless controverted in the Counter-Statement of Disputed Facts.

(Scheduling Order at 2-3).

On November 25, 2020, Defendant filed a Motion for Summary Judgment (ECF No. 19), along with a Statement of Material Facts Not In Dispute.  (ECF No. 18).

After Plaintiff failed to file a brief in response to the motion during the time permitted under the local rules, this Court issued an order requiring Plaintiff to show cause why the unopposed motion should not be granted. (ECF No. 20).  That order expressly cautioned that failing to file a response could be construed as abandonment of the claims asserted in this action and may result in this case being dismissed for failure to prosecute.  *Atwater v. Bank of New*

*York Mellon Trust Co., N.A.*, 586 F. App'x 222 (6th Cir. 2014).

Plaintiff responded, asking that it be allowed to file a brief no later than February 1, 2021.  (ECF No. 21).  This Court granted that request via text-only order, giving Plaintiff until February 1, 2021 to file a brief in response to the motion.  Nevertheless, Plaintiff did not file any response in opposition to the pending motion.

**B.      Factual Background**

Given Defendant's unopposed motion, and Defendant's supporting Statement of Material Facts Not In Dispute, and the administrative record ("A.R.") filed in this action, the following relevant facts are undisputed.

Plaintiff is a gas station and convenience store located in Detroit, Michigan.  Since 2013, Plaintiff participated in the USDA's SNAP, formerly known as the "Food Stamp Program."

In 2018, the United States Department of Agriculture's Food and Nutrition Service ("FNS") conducted an investigation of Plaintiff for activity suspected to be in violation of the federal food stamp laws and regulations.

The store's questionable transactions came to the FNS's attention through its automated monitoring program. (A.R. 261-278).  The store's SNAP data revealed an unusually high number of "large" food stamp transactions between July 2018 and December 2018.  During this time, FNS tracked fifty-five transactions, each exceeding forty dollars – a volume it considered suspiciously high given this gas station/convenience store's small size and limited inventory. (A.R. 87-88).   In addition, the store's data showed that individual SNAP households made multiple transactions at the store on the same day, or on subsequent days, which is often indicative of trafficking in SNAP benefits. (A.R. 84-86).

4

Based on this data, FNS sent Plaintiff a letter charging the store with trafficking SNAP benefits on March 11, 2019. (A.R. 81-83).  The charge letter: 1) advised that the penalty for trafficking was permanent disqualification from the SNAP program; 2) advised that, under certain circumstances, FNS could issue a civil money penalty ("CMP"), in lieu of permanent disqualification; and 3) gave Plaintiff 10 calendar days to respond.

On March 25, 2019, Plaintiff requested an extension of time to respond to April 22, 2019. (A.R. 92).  FNS granted Plaintiff's extension to respond to the trafficking allegations, but informed Plaintiff that the date to request a civil money penalty in lieu of a permanent disqualification could not be extended, and that any such request from Plaintiff still had to be submitted within 10 calendar days of the charge letter. (A.R. 93).  Plaintiff did not request a CMP within 10 calendar days of receiving the charge letter.

On April 22, 2019, Plaintiff (through counsel) responded to the USDA's charge letter. (A.R. 96-116).  In that April 22, 2019 response, Plaintiff did not request a CMP.  Plaintiff's response stated that, upon receipt of the charge letter, Plaintiff reviewed security camera footage of the cashier station and discovered that a cashier – Ali Fakih – was trafficking SNAP benefits. (A.R. 97-98).   Plaintiff reported that Mr. Fakih had several SNAP cards in his pocket and would run them through the terminal and then take an equivalent amount of cash out of the register and pocket it.  Plaintiff also reported that Mr. Fakih would swipe customers' SNAP cards twice, steal their personal identification numbers, and then take the exact amount of cash from the second transaction out of the cash register and pocket it.  (*Id*.).

Plaintiff also obtained and submitted to the USDA a printout of its SNAP transactions from March 3 – March 11, 2019, and flagged a number of transactions as fraudulent. (A.R.

101-106).

On April 18, 2019, Plaintiff filed a police report with the Detroit Police Department against Mr. Fakih, accusing him of fraud. (A.R. 118-122).  Plaintiff submitted an affidavit from Mr. Fakih to the USDA, indicating that Mr. Fakih worked as a clerk at the store from April 1, 2014 – March 31, 2019, and that between July 1, 2018 – March 31, 2019 (approximately nine months) he trafficked in SNAP benefits. (A.R. 112).

On April 7, 2019, Mr. Fakih pled guilty in the Wayne County Circuit Court to felony gambling activities. Mr. Fakih was sentenced to 1 year 6 months probation. (Def.'s Ex. 1). These charges appear unrelated to Mr. Fakih's SNAP trafficking, but he pled guilty while employed by Plaintiff.  Plaintiff's owner (Abbas Sulaiman) and manager (Hassan Ghandour) testified that they never ran any criminal background check on Mr. Fakih.  (Def.'s Ex. 2, Sulaiman Deposition at 14;  Def.'s Ex. 3, Ghandour Deposition, at 12-23).

The application for a retail store to accept SNAP benefits (Form FNS-252) states: "I accept responsibility on behalf of the firm for violations of the Supplemental Nutrition Assistance Program regulations, including those committed by any of the firm's employees, paid or unpaid, new, full-time, or part-time."  Plaintiff's owner, Abbas Sulaiman, admitted during his deposition to reading this language when he submitted the application, and stated that: "It means that I acknowledge that I'm responsible for all actions -- I can't say actions -- accept, you know, acknowledge by saying that I'll be responsible for everything that happens inside my store." (Def.'s Ex. 2, Sulaiman Deposition, at 36).

On June 12, 2019, FNS sent Plaintiff a determination letter (A.R. 131-132) finding that the trafficking violations did occur at Plaintiff's store, and that Plaintiff failed to submit

sufficient evidence to demonstrate that Plaintiff had an effective compliance policy and program to prevent SNAP violations.  Thus, FNS determined that Plaintiff was not eligible for a civil monetary penalty.

On June 12, 2019, Plaintiff requested administrative review of FNS's decision. (A.R. 135). On August 23, 2019, FNS issued a final agency decision affirming the trafficking charge and upholding the penalty of permanent disqualification. (A.R. 184-199).  The final agency decision found that Plaintiff did not submit the documentation necessary to support a discretionary CMP in lieu of permanent disqualification. (A.R. 198).

## ANALYSIS

An approved retail store, such as Plaintiff, may be "disqualified from participation or be fined for violating the food stamp statutes and regulations." *Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993).  If the disqualification is based upon 'trafficking' in coupons (i.e., trading food stamps for cash), disqualification is to be permanent. 7 U.S.C. §2021(a); 7 C.F.R. § 278.6(a), (e)(1)." *Id*.  "However, the FNS, in its discretion, may impose a civil money penalty in lieu of disqualification for trafficking if it finds substantial evidence that the store had an effective policy and training program in effect to prevent violations of the statutes and regulations.        7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(a)m (I), (j)." *Goldstein, supra.*

Here, the FNS found that trafficking violations occurred and permanently disqualified Plaintiff from participating in the program.

Plaintiff filed this civil action, seeking judicial review.

Under 7 U.S.C. § 2023(a)(13), a SNAP-authorized retailer such as Plaintiff may obtain judicial review of a disqualification.  Such a review "shall be a trial de novo by the court in

which the court shall determine the validity of the questioned administrative action in issue." 7

U.S.C. § 2023(a)(15).  The Sixth Circuit has made clear that the de novo review under § 2023(a)

is limited to the issue of whether the asserted violation(s) occurred.  When deciding that issue, a

district court "is to make its own findings based upon the preponderance of evidence" and it not

limited to matters concerned in the administrative proceeding.  *Warren v. United States*, 932

F.2d 582, 586 (6th Cir. 1991).

Notably, the "burden of proof in the judicial review proceeding is upon the aggrieved

store to establish the invalidity of the administrative action by a preponderance of the evidence."

*Id*. (citing *Goodman v. United States*, 518 F.2d 505, 507 (5th Cir. 1975)).

"Once the trial court has confirmed that the store violated the statutes and regulations, the

court's only task is to examine the sanction imposed in light of the administrative record in order

to judge whether the agency properly applied the regulations, i.e., whether the sanction is

'unwarranted in law' or 'without justification in fact.'" *Goldstein v. United States*, 9 F.3d 521,

523 (6th Cir. 1993).

Following the close of discovery, Defendant filed the instant summary judgment motion.

It contends that a bench trial is not necessary in this case because the evidence compiled in the

administrative record leaves no doubt that the violations occurred and the sanction imposed,

under the circumstances presented, is not open to judicial review.

## I.   Plaintiff Has Not Met Its Burden Of Proving That The Trafficking Violations Did Not Occur.

The Court agrees with Defendant that Plaintiff has not met its burden of proving that the

charged trafficking violations did not occur.  In response to Defendant's properly-supported

summary judgment motion, Plaintiff did not file any response, even after being granted an

extension of time to do so. Thus, Plaintiff has not directed the Court to any evidence, either from

the administrative record or outside of it, that would establish that the charged trafficking

violations did not occur.

Moreover, Plaintiff has not disputed (either during the administrative process or in its

Amended Complaint in this action) that the trafficking violations occurred.  Rather, Plaintiff has

only opposed the sanction imposed for those violations.

## II.     The Sanction Imposed Here (Permanent Disqualification) Is Not Unwarranted In Law.

Where, as here, trafficking has been shown, permanent disqualification is the sanction

Congress prescribed.  *See* 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(I); *Ganesh v. United*

*States*, 658 F. App'x 217, 219 (6th Cir. 2016) ("The Secretary of Agriculture may permanently

disqualify any approved retail food store from participation in the SNAP program upon 'the first

occasion or any subsequent occasion of a disqualification based on the purchase of coupons or

trafficking in coupons or authorization cards by a retail food store.'").

The Government's motion explains that while the FNS has the discretion to impose a

CMP *in lieu* of permanent disqualification *if* the store found to committed violations takes

specific actions:

> Only when FNS determines that the firm has submitted substantial evidence
> demonstrating that it had established and implemented, before the violations, an
> effective compliance policy and program (as well as its non-involvement in the
> trafficking) does FNS even have "the discretion" to impose a CMP in lieu of
> permanent disqualification. *See* 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(I).
> Establishing such a program after the store is caught trafficking will not suffice.
>      A request for a CMP must be submitted, along with supporting evidence

that the store had an effective policy and program to prevent trafficking, within ten days after the store has received a "charge letter" indicating that FCS is considering disqualification. 7 C.F.R. § 278.6(b)(2) (1996). In the absence of a request for a civil money penalty and supporting documentation, a store "shall not be eligible for such a penalty." 7 C.F.R. § 278.6(b)(2)(iii)(1996).

(Gov't.'s Br. at 19).

Here, however, Plaintiff chose not to seek a civil monetary penalty during the administrative proceedings. "As a result, FNS was required to impose permanent disqualification." *Bakal Brothers, Inc. v. United States*, 105 F.3d 1085, 1090 (6th Cir. 1997).

## CONCLUSION & ORDER

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment and shall dismiss this action with prejudice.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 23, 2021

10